# IN THE COURT OF APPEALS OF IOWA

No. 20-1336
Filed January 21, 2021

**IN THE INTEREST OF T.W., T.W., and T.W.,**
**Minor Children,**

**T.C., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Kimberly Ayotte,

District Associate Judge.


        A mother appeals the juvenile court decision terminating her parental rights.

**AFFIRMED.**


        Andrew J. Tullar of Tullar Law Firm, PLC, Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Kaitlyn C. DiMaria of Kragnes & Associates, PC, Des Moines, attorney and

guardian ad litem for minor children.


        Considered by Greer, P.J., Ahlers, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights. Also, termination of her parental rights is in the children's best interests; an extension of time would not be in their best interests. Additionally, we agree with the juvenile court that none of the exceptions to termination should be applied in this case. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

T.C. is the mother of T.W., born in 2009, and twins, T.W. and T.W., born in 2012.[1] The family came to the attention of the Iowa Department of Human Services (DHS) in April 2019 when the mother's paramour, M.M., assaulted her in the presence of the children. The mother did not cooperate with services. The children were removed from her care on July 26, when the mother exhibited signs of substance abuse. Shortly after the removal, the hair test of one of the children was positive for methamphetamine. The oldest child was placed with the maternal grandparents, and the twins were placed in foster care.

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019). The mother tested positive for cocaine in August and October 2019 and May 2020. The mother participated in

---

[1] The biological fathers for the children have not been determined through paternity testing. The parental rights for the putative father of the twins, R.W., were terminated, and he has not appealed. The mother stated a different man was the biological father of the oldest child. The court terminated the rights of any unknown, putative fathers.

supervised visitation with the children. The twins attended therapy to address trauma they experienced in the care of the mother—with diagnoses of post-traumatic stress disorder for one and depression for the other. There was a recommendation for the mother to participate in the twins' therapy sessions, but she did not do so. The children reported that they were afraid of M.M. Despite this, the mother brought M.M. to one of her visits with the children.

On July 19, 2020, the State filed a petition to terminate the mother's parental rights to all three children. At the time of the termination hearing in September, the mother had only recently started individual therapy. She was living in a motel with M.M., who had recently been discharged from prison. The mother denied domestic violence in her relationship with M.M. She admitted her "communication with M.M. never really ceased." She had not participated in treatment for substance abuse, although she testified she used cocaine "a couple times out of the month."

The juvenile court terminated the mother's rights under section 232.116(1)(f) and (i) (2020). The court found the children could not be returned to the mother's care because she "has not addressed her substance abuse, her history of domestic violence, her domestically violent relationship with [M.M.], or her lack of protective capacity as it relates to [M.M.], all which led to removal." The court concluded termination of the mother's parental rights is in the children's best interests, finding the mother "has prioritized her relationship with [M.M.] above the needs of her children." The court did not apply any of the exceptions to termination found in section 232.116(3). The mother's request for an additional six months to work on reunification was denied by the court. The mother appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Sufficiency of the Evidence

The mother contends there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We will focus on the termination of the mother's parental rights under section 232.116(1)(f).[2]

---

[2] Under section 232.116(1)(f), a parent's rights may be terminated if the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother contests only the fourth element of section 232.116(1)(f)—whether the children can be safely returned to her care. A child cannot be returned "if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). We consider whether there is clear and convincing evidence to show the children could be returned to a parent's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

We find there is clear and convincing evidence in the record to show the children cannot be safely returned to the mother's care. The mother had not addressed the issue of domestic violence in her relationship with M.M. She was living in a motel room with M.M., which would not be a safe environment for the children. Because she denied there was any domestic violence, she would not take any steps to protect the children, who had previously observed incidents of domestic violence. Additionally, the mother had not taken any steps to address her substance-abuse problems. She testified at the termination hearing that she used cocaine "a couple times out of the month." We conclude the elements of section 232.116(1)(f) have been met.

## IV. Best Interests

The mother also claims termination of her parental rights is not in the children's best interests. As part of her best-interests argument, she asks for additional time to work on reunification with the children. She states she recently began participating in services and has a strong bond with the children.

In considering the children's best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term

nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The juvenile court found, "The children are currently placed with a family that meets the criteria of a long-term, nurturing home and should not have to wait any longer for a permanent home." We agree with the court's statement. The children need permanency and should not have to wait any longer for a stable, secure home. The mother waited until after the termination petition was filed to begin to participate in services. Even then, she continued to place her relationship with M.M. over the needs of the children. We find it is unlikely the need for removal will no longer exist in six months. We conclude termination of the mother's parental rights is in the children's best interests.

### V. Exceptions to Termination

The mother contends the juvenile court should have declined to terminate her parental rights because one of the children was in the care of a relative and due to the closeness of the parent-child relationship. "The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–

75 (Iowa Ct. App. 2011)).  "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children."  *Id.* (citing *A.M.*, 843 N.W.2d at 113).

The juvenile court concluded that none of the exceptions to termination should be applied in this case.  The court stated, "After considering [the oldest child's] wishes, the children's need for a safe and nurturing home, and the children's placement with families that are able to support their ongoing emotional and developmental needs, the court finds there are no legal exceptions in Iowa Code section 232.116(3) which would argue against termination."  On our de novo review, we agree with the court's conclusions.

We affirm the decision of the juvenile court.

**AFFIRMED.**